**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Lynn LLOYD, Defendant–
Appellant.**

No. 93–7081.

United States Court of Appeals,
Tenth Circuit.

Jan. 19, 1994.

Submitted on the Briefs: *

George W. Smith, Muskogee, OK, for appellant.

John Raley, U.S. Atty., and Dennis A. Fries, Asst. U.S. Atty., Muskogee, OK, for appellee.

Before MOORE, ANDERSON, and KELLY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Defendant and appellant Kenneth Lynn Lloyd appeals from the judgment and sentence imposed on him following a jury verdict of guilty to one count of being a felon in possession of a firearm which had been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). We affirm.

## BACKGROUND

The government and Mr. Lloyd dispute certain factual matters pertaining to Mr. Lloyd's arrest. According to the government, Undersheriff Tom Allen was on routine patrol eastbound on a highway just west of Sulphur, Oklahoma, on the evening of July 5, 1992. He was accompanied by Assistant District Attorney John Walton. Officer Allen testified that he observed a van in the westbound lane, driven by Mr. Lloyd, make a sudden lane change without signalling and briefly veer a few feet off the side of the road, before resuming its westbound course in the innermost lane of the highway. The officer decided to stop the vehicle to determine if the driver was intoxicated or if there was some other reason why the van was being driven erratically. Accordingly, he crossed over to the westbound lanes, pursued

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

the van and flashed his lights, at which time the van promptly pulled over to the side of the road.

Officer Allen determined that Mr. Lloyd was driving the van, and that a woman, later identified to be Tracey Renee Roddy or Tracey Renee Downey, Mr. Lloyd's common-law wife, was in the front passenger seat. When Mr. Lloyd got out of the van, Officer Allen asked him to produce his driver's license, which Mr. Lloyd was unable to do. The officer then asked Mr. Lloyd his name, date of birth and social security number, to which Mr. Lloyd responded that his name was Ronald Edward Roddy. A records check under that name revealed no valid Oklahoma drivers license issued to a Ronald Edward Roddy. The check did reveal, however, that the vehicle tag had expired and that the registration decal was from another vehicle.

When asked where insurance documentation for the van was, Mr. Lloyd said it might be in the van's glove compartment. As Officer Allen approached the van to check the insurance information, Ms. Downey got out of the car from the passenger side, leaving the van door open. Allen testified that, while standing by the open door of the van, he observed the butt of a pistol sticking out of a brown gun case beneath the front passenger seat. The officer took custody of the pistol, which was loaded.

Allen then asked Ms. Downey some questions about Mr. Lloyd, and she told him that Mr. Lloyd's name was Ronald Raymond Roddy. She gave her consent for Officer Allen to search her purse, where he found a California driver's license, social security card and other documentation with the name Kenneth Lynn Lloyd on them, as well as his date of birth and, on the driver's license, his photograph. The officer then advised Mr. Lloyd of his Miranda rights after which Mr. Lloyd admitted the pistol was his and that he had it for protection. He continued to insist that his name was Raymond Roddy. Allen arrested him for various traffic violations and for carrying a loaded firearm, and took him back to the sheriff's office.

Mr. Lloyd continued to insist his name was Ronald Raymond Roddy, including signing the book-in card as Raymond Roddy. After computer checks revealed that he was not

Raymond Roddy, he was arrested and booked for false impersonation as well. A check under his real name, Kenneth Lloyd, revealed an extensive arrest record, including three armed robbery convictions.

Mr. Lloyd and Ms. Downey testified to a different version of events. According to both of them, their van was initially stopped by Officer Allen for no reason, as they did not recall any lane change or erratic driving. They also both testified that, while they did insist that Mr. Lloyd's name was Raymond Roddy, when Ms. Downey exited the van she closed the passenger door behind her. Ms. Downey also testified that she had placed the pistol in the gun bag, zipped it up fully, and put it up against the back of the pedestal supporting the passenger seat of the van, some ten to twelve inches from the edge of the seat. Thus, they both vigorously disputed Officer Allen's testimony that he observed the pistol in plain view, while standing next to the van door which Ms. Downey had left open. Indeed, they both testified that Allen opened the van door and searched the car, evidently finding the pistol stored under the front seat.

Mr. Lloyd was thereafter indicted for possession of a firearm which had been shipped and transported in interstate commerce, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). He filed a motion to suppress the pistol, on the ground that the initial stop and the seizure of the pistol were illegal. After a hearing, at which Officer Allen, Mr. Lloyd and Ms. Downey testified, the district court denied the motion. Mr. Lloyd was then tried and convicted by a jury.

Some six weeks after the jury trial, Mr. Lloyd filed a motion seeking dismissal of his attorney for ineffectiveness in preparing for and conducting his trial. After conducting a hearing, including permitting Mr. Lloyd to make extensive argument, the court denied the motion. The district court then held a hearing on Mr. Lloyd's objections to the Presentence Report. The court overruled the first three objections, held the fourth objection was moot, and sentenced Mr. Lloyd to 293 months imprisonment. That sentence included an enhancement under the Armed

Career Criminal provisions of 18 U.S.C. § 924(e).[1] Mr. Lloyd timely appealed.

## DISCUSSION

### I. Motion to Suppress

■ Mr. Lloyd first challenges the denial of his motion to suppress the pistol taken from his van. In reviewing the denial of a motion to suppress, we "accept the trial court's findings of fact unless clearly erroneous, but the ultimate determination of Fourth Amendment reasonableness is a conclusion of law which we review de novo." *United States v. Allen*, 986 F.2d 1354, 1356 (10th Cir.1993); *United States v. Butler*, 904 F.2d 1482, 1484 (10th Cir.1990). The district court found "that the erratic driving by the defendant which was observed by Officer Allen gave Officer Allen probable cause to stop the defendant's vehicle. Having legally stopped the defendant's vehicle, the officer observed the .38 pistol in 'plain view' while being legitimately in a position to view it, i.e., standing inside the passenger door which was left open by the passenger." R.Vol. I, Tab 16 at 2 (citations omitted).

■ Evidently, the district court chose to rely on the testimony of Officer Allen to determine the circumstances of the initial stop and the seizure. Mr. Lloyd points to nothing specific which undermines that reliance; rather, he simply urges us to find Ms. Downey's testimony the more credible. We decline to do that on appeal.

■ Given that we find no clear error in the factual findings of the district court, we affirm the legal conclusion that the initial stop was reasonable. Erratic driving supports an investigative stop to determine if the driver is intoxicated or to determine the reason for the erratic driving. *United States v. Rodriguez–Pando*, 841 F.2d 1014, 1017 (10th Cir.1988); *United States v. Cheatwood*, 575 F.2d 821, 826 (10th Cir.), *cert. denied*, 439 U.S. 853, 99 S.Ct. 162, 439 U.S. 853 (1978). Once the vehicle is lawfully stopped, a police officer may seize any item in "plain view." *Winters v. Board of County*

*Comm'rs*, 4 F.3d 848, 853 (10th Cir.1993). While Mr. Lloyd vigorously argues that his and Ms. Downey's testimony indicated the pistol could not have been in plain view, Officer Allen's testimony indicated that it was, and the district court evidently found that testimony more reliable. We therefore affirm the denial of Mr. Lloyd's motion to suppress.

### II. Motion to Dismiss Counsel

Mr. Lloyd filed a pro se motion to dismiss his counsel, asserting various alleged inadequacies in his counsel's trial preparation and performance. The district court permitted Mr. Lloyd to discuss these allegations at length in a hearing. After reviewing the record, we are satisfied that Mr. Lloyd's counsel's performance was adequate under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and subsequent cases, and the motion was properly denied.

### III. Challenges to Sentence

Mr. Lloyd objected to portions of his presentence report. The district court held a hearing on those objections and overruled three of them, while determining the fourth to be moot. Mr. Lloyd appeals the district court's decision to overrule the three objections.

■ He first argues that he should have received a reduction in his total offense level for acceptance of responsibility. A defendant is entitled to a two-level reduction for acceptance of responsibility if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his offense." United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (Nov. 1992). We review a district court's decision not to grant a reduction "under a clearly erroneous standard." *United States v. Garcia*, 987 F.2d 1459, 1461 (10th Cir.1993). The defendant bears the burden of proving accep-

---

1. 18 U.S.C. § 924(e) provides as follows:
   In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony ... committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years.... 
   18 U.S.C. § 924(e)(1).

tance of responsibility. *United States v. Dahlman*, 13 F.3d 1391, 1399 (10th Cir.1993).

■ The district court denied the two-level reduction on the following basis:

> You made pretrial admissions concerning the fact that you owned the firearm seized by authorities on the date of your arrest and that you were a convicted felon. However, ... this Court cannot recall that you have ever admitted possession of the firearm, an essential element of the crime charged, at the time of the arrest. You denied your true identity to the arresting officer prior to and after you were taken into custody. Your lack of sincerity with the arresting officer at the time negates the fact that you admitted owning the gun. At the suppression hearing you testified under oath that you owned the firearm, but quibbled with respect to its location and your possession of the firearm, essentially denying or frivolously contesting relevant conduct that the jury and this Court had determined to be true.

R.Vol. IV at 25–26. We find no clear error in those determinations, and affirm the denial of the two-level reduction for acceptance of responsibility.

■ Next, Mr. Lloyd argues that there were mitigating circumstances warranting a downward departure from the applicable Guideline range of 235 to 293 months. Specifically, he argues that "there was no identifiable victim of this crime. The firearm was not used to commit any crime nor was it used in a manner that constituted a danger to any person." Appellant's Brief at 8. "[W]hen a sentence is within the guideline range and is not imposed in violation of law, or as a result of an incorrect application of the guidelines, then the district court's refusal to exercise its discretion to depart downward from the guideline range is not appealable." *United States v. Davis*, 900 F.2d 1524, 1530 (10th Cir.) (footnotes omitted), *cert. denied*, 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *see also United States v. Youngpeter*, 986 F.2d 349, 355 (10th Cir.1993). Mr. Lloyd does not argue here that the sentence imposed was not within the guideline range or was imposed in violation of the law or as a result of an incorrect application of the guidelines. Accordingly, the district court's refusal to depart downward based on the asserted "mitigating circumstances" is not appealable.

Finally, Mr. Lloyd argues that his sentence was improperly enhanced under section 924(e)(1) because two of the three previous violent felony convictions used to enhance his sentence occurred on the same day and were charged under the same case number, and therefore should be considered as a single criminal episode. The district court properly rejected this argument.

■ We review *de novo* the district court's "interpretation and application of" section 924(e)(1) of the Armed Career Criminal Act. *United States v. Tisdale*, 921 F.2d 1095, 1098 (10th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991). While the statute demands that the three prior violent felonies occur "on occasions different from one another," 18 U.S.C. § 924(e)(1), we have previously held that offenses which occurred on the same date and were prosecuted together may nonetheless be considered separate offenses for enhancement purposes. *Tisdale*, 921 F.2d at 1099. As in *Tisdale*, "[a]fter the defendant 'successfully completed' [robbing] one business, he was free to leave. The fact that he chose, instead, to [rob] another business is evidence of his intent to engage in a separate criminal episode." *Id.; see also United States v. Rideout*, 3 F.3d 32, 35 (2nd Cir.) (two breaking and entering convictions, twenty to thirty minutes and twelve to fifteen miles apart, were separate criminal episodes), *cert. denied*, —— U.S. ——, 114 S.Ct. 569, 126 L.Ed.2d 469 (1993); *United States v. Brady*, 988 F.2d 664, 668–69 (6th Cir.1993) (en banc) (two robberies within forty-five minutes were separate criminal episodes), *cert. denied*, —— U.S. ——, 114 S.Ct. 166, 126 L.Ed.2d 126 (1993). Mr. Lloyd's sentence was properly enhanced under section 924(e)(1).

For the foregoing reasons, Mr. Lloyd's conviction and sentence are AFFIRMED.