30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James R. CRUCE, Defendant-Appellant.
 No. 93-3325.
 United States Court of Appeals, Tenth Circuit.
 Aug. 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, MCWILLIAMS and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Cruce entered a guilty plea to one count of conspiracy and three counts of bank fraud. For the second time, Mr. Cruce appeals his sentence. Finding no error, we affirm.
 
 
 3
 Mr. Cruce was originally sentenced to 168 months imprisonment and ordered to pay $8 million in restitution. In his first appeal, Mr. Cruce asserted five counts of error relating to his sentence and one count of error relating to the district court's refusal to allow him to withdraw his guilty plea.[2] We found no error except we remanded for resentencing in order that Mr. Cruce could confront and respond to two letters from the victim, the FDIC, the letters being sent to the district court by the director and by counsel.[3]
 
 
 4
 Upon remand, the sentencing court ordered the probation office to provide Mr. Cruce and the court "a summary of how the restitution amount was obtained." Order of July 15, 1993, p. 2. At the sentencing hearing, the sentencing court indicated it was impossible for the court to consider the letters from the victim as it was the practice of the court not to consider that kind of material in sentencing. These letters and the information contained play no part in this appeal. Instead, Mr. Cruce takes advantage of our broadly worded order of remand to not only comment upon the letters in question but further raise "other matters relating to the appropriate sentence." See Cruce, slip op. at 11. Although we have considered dismissing the remainder of this appeal as outside the scope of our remand, we address the merits.
 
 
 5
 During the sentencing hearing on remand, counsel for Mr. Cruce acknowledged the court-ordered explanation from the probation officer and stated he understood the computation. Counsel then went on to state that the problem defendant had with the explanation was the computation takes into consideration "all the matters that we've objected to in the presentence report." Counsel continued to remark that while the probation explanation "addresses the amount of restitution, it does not provide any factual basis for an order of immediate restitution." The sentencing court found there was no ground to change the sentence and imposed the original sentence of 168 months and again ordered $8 million immediate restitution. Mr. Cruce appeals this sentence asserting (1) the evidence is insufficient to support the amount of restitution ordered; (2) the sentencing court erred in refusing to grant Mr. Cruce an additional one-level decrease in the offense level for his acceptance of responsibility; and (3) the sentencing court erred in double counting the increases in Mr. Cruce's offense level for more than minimal planning and for being a supervisor of more than five persons. We consider each contention in turn.
 
 
 6
 * Sufficiency of the Evidence Supporting Restitution
 
 
 7
 At sentencing upon remand, the sentencing court made oral findings concerning restitution. We quote those findings as they fully explain the factual scenario:
 
 
 8
 Restitution: Amount of loss in excess of $80 million. Tentative amount to be paid, $8 million. Justification: The Court makes the following findings by a preponderance of the evidence as demonstrated at the proceedings wherein the defendant entered his plea of guilty and by the presentence report. One, Resolution Trust Corporation is a victim pursuant to 18 U.S.C. Sections 3663 and 3664 of the crimes of which the defendant has pled guilty; two, the victim identified has sustained a loss as a result of defendant's crimes in an amount exceeding $80 million; three, the Victim and Witness Protection Act of 1982 clearly confirmed congress intended that restitution be considered as an integral part of criminal punishment in the sentencing process of criminal proceedings; four, Mr. Cruce has been quite successful as a certified public accountant entrepreneur and investment speculator. It is likely Mr. Cruce's financial resources now and in the future are substantial. He has profited in business interests. Unaccounted for funds from profits and his business experience indicates an ability to earn substantial sums in the future; five, after consideration of the amount of the loss sustained, the question of financial resources of the defendant, future earning abilities of the defendant, and the financial needs of the defendant and his dependents, he should be required to make restitution as hereinafter ordered; six, pursuant to the provisions of 18 U.S.C. 3663 and the findings made by the Court, the defendant is ordered to pay restitution to the Clerk of the Court to the Resolution Trust Corporation, Mid-Central Consolidated Office, Board of Trade Building No. 2, 4900 Main Street, Kansas City, Missouri, 64112, in the amount of $8 million; seven, the restitution is to be made immediately. The Federal Bureau of Prisons has a voluntary inmate financial responsibility of funds, and while incarcerated, Mr. Cruce can begin immediate payments toward his restitution obligation; eight, the victim may assume responsibility for collection of any balance of the restitution not paid pursuant to 18 U.S.C. 3663(h)(2); nine, no credit for any amounts recovered under the order may be made toward the restitution obligation of any other defendant.
 
 
 9
 Mr. Cruce simply asserts these findings are "not supported by a preponderance of the evidence in the record."
 
 
 10
 At this point in our analysis, we return to Mr. Cruce's first appeal to this court. There Mr. Cruce raised no objection to the sufficiency of the evidence supporting the amount of restitution and contented himself by asserting the sentencing court made no factual findings concerning the term of imprisonment. We rejected this assertion in the first appeal citing Burger, 964 F.2d 1065, and held the district court had properly reduced its finding regarding disputed factual matters to writing. Cruce, No. 91-3274, slip op. at 7.
 
 
 11
 An examination of the record on appeal, including the presentence report, reveals detailed facts supporting the sentencing court's factual findings. Specifically, paragraph 104 summarizes some of the many preceding paragraphs setting forth specific factual matters and concludes "the RTC has totaled James Cruce with receiving direct benefit of $8 million through the complex schemes designed to defraud the institution and mislead federal regulators." Mr. Cruce made no specific objection to this conclusion, disputing only the amount of net losses caused to the institution that totaled over $151 million excluding the unindicted acts.
 
 
 12
 Additionally, the sentencing court referred to the evidence adduced during Mr. Cruce's entry of guilty pleas. During that plea, Mr. Cruce acknowledged that by pleading guilty he admitted the indicted facts alleged by the government in counts 1, 18, 19, and 20. He admitted to entering a conspiracy to use his control of a federally reserved savings and loan to keep high the value of his personal stock, specifically by extending a $5 million line of credit to a co-conspirator. His plea also admitted as relevant conduct other illegal ventures and loans incorporated into count 1. Finally, the sentencing court may have properly drawn from the extensive evidence related to the conspiracy offered in the trial of Mr. Cruce's coconspirators. See United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir.) (sentencing supported by the record, including prior trial testimony of co-conspirator), cert. denied, 497 U.S. 1038 (1990). We find the district court's order of restitution well supported.
 
 II
 Acceptance of Responsibility
 
 13
 At his initial sentencing, Mr. Cruce was granted a two-level decrease in his offense level for acceptance of responsibility.[4] Subsequently, U.S.S.G. 3E1.1 was amended to allow an additional decrease of one level if the defendant's offense level is 16 or greater, "and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely providing complete information to the government concerning his own involvement." U.S.S.G. 3E1.1(b) (1992).
 
 
 14
 The sentencing court, after noting Mr. Cruce previously filed a motion to withdraw his guilty plea, denied Mr. Cruce this additional one-level decrease in his offense level stating:
 
 
 15
 While the defendant argues that he is entitled to a three-level reduction because he was debriefed by the government prior to the entry of his plea, the government countered that it could offer nothing that would entitle the defendant to a three-level reduction. The trial proceedings would support this position. The defendant was not sponsored by the government as a witness at trial. Although the defendant did testify, it was on behalf of his codefendant wife.
 
 
 16
 Accordingly, the court finds that the defendant put the government and the court to a sufficient expenditure of time and effort that he should not benefit from the additional one-level reduction authorized by 3E.1.1(b). In making this ruling, the court notes that even if it granted the additional one-level reduction, it would not require a reduction in the sentence imposed by the court. The defendant's total offense level computed in the presentence investigation report was 34, which yields a guideline range of 151-188 months. The court imposed a sentence of 168 months. An additional one-level reduction would have yielded a guideline range of 135-168 months. Therefore the sentence imposed, which the court considers an appropriate sentence, would still be within the guideline range for the offense level proposed by the defendant.
 
 
 17
 Memo & Order of Sept. 3, 1993, pp. 2-3.
 
 
 18
 Mr. Cruce makes numerous arguments concerning the denial of a one-level decrease in his offense level. These arguments boil down to the assertion that, if a defendant is entitled to the two-level deduction, he is also entitled to the additional level deduction. Mr. Cruce does not contest the validity of facts offered by the sentencing court that support its denial of the additional one-level decrease.
 
 
 19
 The burden of proof for establishing entitlement to a reduction of the offense level for acceptance of responsibility is one the defendant. United States v. Lloyd, 13 F.3d 1450, 1453-54 (10th Cir.1994). When we review a sentencing court's grant or denial of a reduction in the offense level for acceptance of responsibility, we do so under the clearly erroneous standard. Id. at 1453.
 
 
 20
 We have reviewed the record and are not persuaded the sentencing court erred. Mr. Cruce filed substantial pretrial motions and did not petition the court to enter his guilty pleas until twelve days prior to trial. We are inclined to believe the sentencing court was exceedingly generous with Mr. Cruce in allowing the two-level decrease. We cannot hold the sentencing court clearly erroneous under these facts.
 
 III
 Double Counting
 
 21
 The sentencing court assessed a two-level increase in the offense level under U.S.S.G. 2F1.1(b)(2). U.S.S.G. 2F1.1(b)(2)(A) (1990) provides "if the offense involved ...more than minimal planning" the offense level should be increased by two levels. U.S.S.G. 2F1.1(b)(2)(B) provides the same increase, if the scheme is to defraud more than one victim. The sentencing court also added a four-level increase in the offense level after finding Mr. Cruce was an
 
 
 22
 organizer or leader. U.S.S.G. 3B1.1(a).[5] Once again, we find no objection by Mr. Cruce to these enhancements in his response to the presentence report. On appeal, Mr. Cruce does not challenge the factual underpinnings of either finding. Rather, he asserts the assessment of both upward adjustments constitutes impermissible double counting. He argues supervising more than five participants, under 3B1.1(a), necessarily involves more than minimal planning under 2F1.1(b)(2)(A).
 
 
 23
 Mr. Cruce cites two cases as support for his proposition that the assessment of both adjustments amounts to double counting. See United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993); United States v. Romano, 970 F.2d 164, 166-67 (6th Cir.1992). We note the Circuit in United States v. Willis, 997 F.2d 407 (8th Cir.1993), cert. denied, 114 S.Ct. 704 (1994), has soundly criticized the position of the Sixth Circuit.
 
 
 24
 The presentence report explains the grounds for the 2F1.1(b)(2) enhancement as: "The details of the conspiracy outline a complicated and intricate scheme of multiple defendants with numerous loans that involve manipulation of loan boards for approval, the flipping of properties, straw borrowers and a host of other illicit processes." PSR 1/2109, p. 20 (emphasis added). The enhancement contemplates an increase for a scheme to defraud more than one victim under 2F1.1(b)(2)(B), not as Mr. Cruce contends under 2F1.1(b)(2)(A). As grounds for the 3B1.1(a) enhancement, the presentence report states: "Mr. Cruce's active participation in the various joint ventures, position on the loan committee, and position of trust as senior officer support enhancement." PSR 1/2111, p. 21. In the case before us, the two upward adjustments are not for the same conduct. Defrauding multiple victims underlies one increase; supervising the codefendants underlies the other increase. The two sections consider different aspects of the defendant's conduct and these different aspects are not one and the same.
 
 
 25
 The judgment and sentence of the district court are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Cruce's first appeal was decided by this court in an unpublished order and judgment entered June 11, 1992. See United States v. Cruce, No. 91-3274, Order and Judgment (10th Cir. Jun. 11, 1992)
 
 
 [3]
 See United States v. Burger, 964 F.2d 1065 (10th Cir.1992), cert. denied, 113 S.Ct. 1854 (1993), a companion case to Mr. Cruce's first appeal
 
 
 [4]
 The district court applied the sentencing guidelines for 1989 and 1990, which provided: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. 3E1.1(a) (1990)
 5 U.S.S.G. 3B1.1(a) mandates a four-level increase in the base offense level if the sentencing court finds that the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."