42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Clinton HELMSTETTER, Defendant-Appellant.
 No. 93-1307.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant George Helmstetter pleaded guilty to four counts of unarmed bank robbery in violation 18 U.S.C. 2113(a). He was sentenced to 125 months of imprisonment and ordered to pay $6,843 in restitution in monthly installments of no less than $195. Defendant now appeals his conviction and his sentence. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Defendant first asserts that the trial court incorrectly computed his criminal history category for sentencing purposes. We review issues of law concerning the application of the Sentencing Guidelines de novo. United States v. Alessandroni, 982 F.2d 419, 420 (10th Cir.1992). Where the defendant does not object to the factual contents of the presentence investigation report (PSIR), we review the trial court's decision only for plain error. United States v. Richards, 27 F.3d 465, 468 (10th Cir.1994). After examining the PSIR and the trial court's application of the Sentencing Guidelines, we find no error. A proper application of the Guidelines yields a total of twenty-one points for defendant's criminal history; this well exceeds the thirteen points necessary to place him in Category VI.
 
 
 4
 Defendant's claim that the trial court erred in failing to depart downward from the sentence range prescribed by Guidelines also fails. Decisions by the trial court not to depart from a prescribed sentencing range are not reviewable unless the trial court has somehow misunderstood its discretion. United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.), cert. denied, 114 S.Ct. 358 (1993). Because the record contains no indication of such misunderstanding, the trial court's decision must stand.
 
 
 5
 Defendant next asserts that the trial court relied upon unverified information at sentencing. Defendant refers specifically to an aggravated robbery charge from Adams County that was pending at the time of sentencing and ultimately dismissed. Importantly, the trial court struck this information from the PSIR and expressly stated that it would not be considered for purposes of sentencing. The trial court therefore did not base defendant's sentence on unverified information.
 
 
 6
 Next, defendant contends that the trial court improperly failed to consider mitigating circumstances surrounding his offense at sentencing, specifically his cooperation with the government. The burden rests with the defendant to prove that mitigating circumstances warrant a reduction in his offense level. United States v. Lloyd, 13 F.3d 1450, 1453-54 (10th Cir.1994). And a trial court's conclusion that a defendant does not deserve a reduction in his offense level because of mitigating circumstances is a factual finding that we review for clear error. Id. at 1453. In this case, the PSIR did not recommend any adjustment for cooperation, and defendant introduced no evidence of such cooperation at his sentencing hearing. Under these circumstances, the trial's court's finding that defendant's behavior did not warrant a reduction was not clearly erroneous.
 
 
 7
 Defendant also claims that the prosecution and defense counsel conspired to entice him into accepting his plea agreement. Defendant points in particular to defense counsel's statement to the prosecution that he thought the prosecution's original sentencing projection was too low. Defendant misconstrues defense counsel's reasons for objecting to the prosecution's original projection. Defense counsel was actually acting in defendant's interests, pointing out that the plea agreement proposed by the prosecution would mean a longer sentence for defendant than the prosecution was asserting. The remark was motivated by defense counsel's concern that defendant may be enticed into pleading guilty based on sentence estimations that were too low.
 
 
 8
 Finally, defendant argues that the trial court failed to consider his ability to pay in ordering defendant to pay $195 in restitution per month. Defendant's claim ignores the court's specific finding at the sentencing hearing that the "defendant has some education and has the ability to pursue a trade if he's not incarcerated, and it's my belief that he can at least make a good faith attempt to make that total restitution over the period of his supervised release." The court therefore clearly considered defendant's ability to pay in making its order of restitution.
 
 
 9
 We find that the trial court committed no error in sentencing defendant. We also find that defense counsel did not conspire with the prosecution to defendant's detriment. The judgment of the trial court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470