57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antelmo CARRERA-AGUILAR Defendant-Appellant.
 No. 94-1585.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Antelmo Carrera-Aguilar (Aguilar), having been granted leave to proceed in forma pauperis, appeals his sentence imposed by the district court following his guilty plea to illegal re-entry into the United States, in violation of 8 U.S.C. 1326(b)(2).
 
 
 3
 On May 2, 1994, Aguilar was arrested in Denver, Colorado, by agents of the Immigration and Naturalization Service because he re-entered the United States without permission. On May 17, 1994, he was charged with violation of 8 U.S.C. 1326(b)(2), Aggravated Re-entry into the United States.
 
 
 4
 Aguilar plead guilty in a plea agreement with the government. At sentencing, the district court found a total offense level of 21 and a criminal history category of IV. The district court departed downward from the criminal history category of IV to III on the basis that category IV overrepresented the seriousness of Aguilar's criminal history, resulting in a guideline range of 46-57 months imprisonment. The district court further departed downward eight months based on the government's motion, pursuant to the plea agreement, under U.S.S.G. 5K1.1 for substantial assistance in locating another alien. Aguilar was sentenced to 38 months imprisonment.
 
 
 5
 Prior to sentencing, Aguilar filed a "Motion for Judicial Review of the Propriety of the Government's Plea Bargaining Position and Request for Section 5K2.0 Downward Departure of Sentence," claiming that over the past two years the government had tendered more favorable plea bargain offers to a number of similarly situated defendants who received lighter sentences than that offered Aguilar. He requested the court consider this disparity and make an appropriate downward departure in his sentence. After careful review of the evidence submitted, the district court denied his motion stating,
 
 
 6
 My review of the materials submitted by counsel in this case, in light of the doctrine of prosecutorial discretion and in light of precepts of procedural and constitutional due process, leads me to conclude that there has been no deprivation by the procedural or substantive due process, and that the motion for 5K2.0 downward departure further from the level 38[sic] should in the exercise of my discretion and will be denied.
 
 
 7
 (R., Vol. III at 19).
 
 
 8
 On appeal, Aguilar contends that his sentence is in violation of the law because it constitutes an unwarranted disparity from sentences imposed upon defendants with similar criminal histories charged with similar conduct.
 
 
 9
 To the extent that Aguilar argues that the district court did not fairly consider the evidence presented for sentencing in light of 18 U.S.C. 3553(a)(6) which requires that the court avoid unwarranted sentencing disparities, we review the district court's decision for abuse of discretion. United States v. Massey, 48 F.3d 1560, 1570 (10th Cir.1995). However, to the extent that Aguilar challenges the district court's refusal to depart downward, it is well established that this court does not have jurisdiction to review a district court's discretionary refusal to depart downward. United States v. Lloyd, 13 F.3d 1450, 1454 (10th Cir.1994); United States v. Diggs, 8 F.3d 1520, 1526 (10th Cir.1993).
 
 
 10
 After careful review, we hold that the district court did not abuse its discretion.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470