59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro ABRIL-PERALTA, Defendant-Appellant.
 No. 95-1115.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pedro Abril-Peralta (Abril-Peralta), having been granted leave to proceed in forma pauperis, appeals the district court's denial of a downward departure in sentencing under U.S.S.G. 4A1.3.
 
 
 3
 On November 2, 1994, Abril-Peralta was indicted for the offense of illegal reentry into the United States after deportation for an aggravated felony, in violation of 8 U.S.C. 1326(a) and (b)(2). On December 16, 1994, he plead guilty to the charge.
 
 
 4
 On January 26, 1995, Abril-Peralta filed a Notice of Intent to Seek Departure, requesting the district court to depart downward from a criminal history category III to II pursuant to U.S.S.G. 4A1.3 on the grounds that category III over-represented his criminal history.
 
 
 5
 At sentencing, the district court refused to grant Abril-Peralta a downward departure after reviewing paragraphs 21 through 35 of the presentence report. The district court sentenced him at the low end of the guideline range to 46 months imprisonment, three years of supervised release, and a $ 50 special assessment.
 
 
 6
 On appeal, Abril-Peralta contends that the district court erred in failing to grant a downward departure under U.S.S.G. 4A1.3 based on over-representation of his criminal history.
 
 
 7
 It is well established that this court does not have jurisdiction to review a district court's discretionary refusal to depart downward. United States v. Lloyd, 13 F.3d 1450, 1454 (10th Cir.1994); United States v. Diggs, 8 F.3d 1520, 1526 (10th Cir.1993).
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470