**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRACY LYNN BRUNKEN,

    Defendant - Appellant.

No. 17-6085
(D.C. Nos. 5:16-CV-00107-R &
5:11-CR-00307-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Tracy Lynn Brunken appeals the district court's denial of his 28 U.S.C. § 2255

motion. He asserted his criminal sentence was enhanced under the now-invalid

"residual clause" of the Armed Career Criminal Act (ACCA), in violation of his due

process rights. The district court denied the motion, ruling Mr. Brunken had three

prior convictions that still qualified for enhancement purposes under the ACCA. We

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted Mr. Brunken a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(B), and now affirm.

Background

Mr. Brunken pleaded guilty in 2011 to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence report (PSR) determined that Mr. Brunken's sentence should be enhanced because his prior Oklahoma criminal convictions qualified him as an armed career criminal under the ACCA. To be an armed career criminal under the ACCA, a defendant must have "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The PSR identified Mr. Brunken's ACCA predicate offenses as one serious drug offense and five violent felonies:

- a 1993 conviction for possession of a controlled dangerous substance (marijuana) with intent to distribute;

- a 1993 conviction for first degree burglary;

- a 1993 conviction for assault with a dangerous weapon;

- a 1994 conviction for first degree burglary;

- a 1994 conviction for pointing a firearm at another person; and

- a 2008 conviction for domestic assault and battery.

Mr. Brunken did not object to the PSR or his classification as an armed career criminal. Under the ACCA enhancement, Mr. Brunken's mandatory minimum sentence was 180 months' imprisonment. The PSR assigned Mr. Brunken an offense

2

level of 31, criminal history category VI, and an advisory guideline range of 188 to 235 months' imprisonment. The district court sentenced Mr. Brunken to 200 months' imprisonment in March 2012. Mr. Brunken did not appeal.

In June 2015, the Supreme Court struck down one clause of the ACCA's definition of a violent felony. *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). The ACCA defines a violent felony as an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *See* 18 U.S.C. § 924(e)(2)(B). *Johnson* held that the residual clause was void for vagueness under the Due Process Clause. 135 S. Ct. at 2557. The Court later held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In February 2016, Mr. Brunken filed a § 2255 motion seeking relief under *Johnson*. The district court appointed counsel to represent him. Mr. Brunken argued his 2008 domestic-assault-and-battery conviction, 1993 assault-with-a-dangerous-weapon conviction, and 1994 pointing-a-firearm conviction could only qualify as violent felonies under the now-invalidated residual clause. He conceded that his 1993 and 1994 first degree burglary convictions qualified as violent felonies under the enumerated-offenses clause and that his 1993 drug conviction qualified as a serious drug offense. But Mr. Brunken argued that he still had fewer than three

3

qualifying convictions because the 1993 drug, burglary, and assault convictions should count as only one predicate offense because they all occurred on the same day and were charged in the same Information. *See* § 924(e)(1) (requiring that each predicate felony be "committed on occasions different from one another").

The district court concluded Mr. Brunken still had three qualifying predicate offenses unaffected by *Johnson*: the 1993 drug offense for possession of marijuana with the intent to distribute, and the 1993 and 1994 first degree burglary convictions. It rejected his argument that the 1993 drug offense was committed on the same occasion as the 1993 burglary and assault offenses. Though Mr. Brunken was arrested for these offenses on the same day, it ruled they did not involve the same conduct, and did not occur at the same time or in the same location. Because the 1993 drug, 1993 burglary, and 1994 burglary convictions were not invalidated as predicate offenses by *Johnson* and were sufficient to qualify Mr. Brunken for the enhanced sentence under the ACCA, the court denied his § 2255 motion. Mr. Brunken appealed and we granted him a COA.

## Discussion

"In considering the denial of a § 2255 motion for post-conviction relief, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011)). "But where, as here, the district court does not hold an evidentiary hearing, but rather denies the motion as a matter of law upon an uncontested trial record, our review is strictly de novo." *Id*.

4

On appeal, Mr. Brunken argues the district court erred by finding his 1993 drug offense occurred on a different occasion than his 1993 burglary and assault offenses, and thus erred in ruling that he has three non-residual clause qualifying offenses.[1] He argues the three 1993 state convictions count as only one predicate qualifying conviction, and that the 2008 domestic-assault-and-battery conviction could only qualify as a violent felony under the residual clause.

Mr. Brunken concedes that his 1993 and 1994 first-degree burglary convictions and his 1993 drug conviction qualify as predicate offenses for enhancement purposes under the ACCA. Thus, if the 1993 drug conviction and 1993 burglary convictions were committed on "occasions different from one another"

_____

[1] Mr. Brunken also argues that the Government conceded the three 1993 convictions counted as only one predicate offense, citing a footnote in the Government's response to his § 2255 motion. We find no waiver, as the footnote was clearly a mistake that the Government promptly corrected. In the text of the Government's response it argued that the three 1993 convictions each counted as a separate predicate conviction under the ACCA. *See* Government's Response at 6, *United States v. Brunken*, No. 5:11-cr-00307-R-1 (W.D. Okla. April 12, 2016). But a footnote to that statement inconsistently stated that: "As [the three 1993 convictions] occurred on the same day, they count as single predicate conviction for the ACCA." *Id*. at n.5. The Government filed a surreply to explain that the footnote was a typographical error clearly in conflict with the text of its brief, and it argued at length that the 1993 convictions were separate predicate offenses. Mr. Brunken then replied to the Government's surreply. The inconsistent footnote in the Government's initial brief was clearly a mistake and was promptly corrected, and therefore was not a waiver, which is "the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted).

5

under § 924(e)(1), Mr. Brunken has at least three qualifying convictions irrespective of *Johnson*. [2]

Mr. Brunken admitted that on November 13, 1993, he burglarized a home with intent to commit assault, and also possessed marijuana. When he pleaded guilty to the 1993 offenses, he described his actions as follows:

> I kicked the door of a house (occupied) and had a fight and I through [sic] a beer bottle at one of the occupants. Also, I had in my possession marijuana but did not [indecipherable] to sale [sic] it. I believe the state has enough evidence to convict me.

R. Vol. 1, at 120.

The district court concluded from the Information and guilty plea that Mr. Brunken possessed the marijuana at a time separate from the burglary even though he was arrested for both offenses on the same day. It concluded that Mr. Brunken could have ended his criminal spree, but chose to continue. We agree with the district court that the drug and burglary offenses occurred on separate occasions for purposes of § 924(e)(1). [3]

---

[2] The district court did not reach Mr. Brunken's argument that the 2008 domestic-assault-and-battery conviction, 1993 assault-with-a-dangerous-weapon conviction, and 1994 pointing-a-firearm conviction could only qualify as violent felonies under the residual clause. We have since held that Oklahoma's assault-with-a-dangerous-weapon statute is categorically a crime of violence under the elements clause, *United States v. Taylor*, 843 F.3d 1215, 1223-24 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 1608 (2017), but Oklahoma's pointing-a-firearm is not, *United States v. Titties*, 852 F.3d 1257, 1275 (10th Cir. 2017).

[3] Because we conclude the 1993 drug-possession and the burglary convictions occurred on different occasions, we need not consider whether the 1993 burglary and assault offenses occurred on different occasions—an issue that the district court did

(continued)

6

We have held the phrase "committed on occasions different from one another" in § 924(e)(1) "was intended to reach multiple criminal episodes distinct in time." *United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir. 2012) (internal quotation marks omitted). Offenses that are similar and occur closely in time may constitute separate, predicate offenses when the defendant could have chosen to stop his illegal conduct but continued nonetheless. *See United States v. Tisdale*, 921 F.2d 1095, 1099 (10th Cir. 1990). Indeed, we have held that two felonies committed on the same day were nonetheless committed on separate occasions for purposes of § 924(e)(1). *See United States v. Lloyd*, 13 F.3d 1450, 1454 (10th Cir. 1994) ("[W]e have previously held that offenses which occurred on the same date and were prosecuted together may nonetheless be considered separate offenses for enhancement purposes."). Even a small difference in time or place distinguishes convictions for purposes of the ACCA. Thus, in *Tisdale*, we held that breaking into a shopping mall and burglarizing three different businesses inside on one night were three separate and distinct predicate offenses for § 924(e)(1) enhancement purposes. 921 F.2d at 1098-99.

Applying these standards, Mr. Brunken's possession of marijuana with intent to distribute was separate and distinct from his burglary offense. He concedes he had the marijuana on his person at the time he committed the burglary and assault offenses. Aplt. Br. at 15. Clearly then, his criminal possession of the marijuana

not address and Mr. Brunken did not raise on appeal, or at least not adequately enough to discern.

7

began at a time prior to, and a place different from, the burglary and assault.  There is no suggestion in the Information or Mr. Brunken's guilty plea that his possession of the marijuana with intent to distribute it bore any temporal, contextual or other relationship to the burglary.  Mr. Brunken had the opportunity to cease his possession of the marijuana before he committed the burglary and assault offenses.  And the nature of, and intended victims of, the drug possession offense are different than those of the burglary offense.  *See Tisdale*, 921 F.2d at 1098-99 (concluding the defendant's choice to burglarize again the same night evidenced an "intent to engage in a separate criminal episode.").

Because the 1993 drug and 1993 burglary convictions were "committed on occasions different from one another," § 924(e)(1), Mr. Brunken had three ACCA qualifying convictions that were unaffected by *Johnson*.  Accordingly, we affirm the district court's order denying Mr. Brunken's § 2255 motion.

Entered for the Court

Jerome A. Holmes
Circuit Judge

8