**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brandon C. ALLEN, Defendant–Appellant.**

No. 92–3198.

United States Court of Appeals, Tenth Circuit.

March 3, 1993.

---

Submitted on the Briefs: *

Charles D. Anderson, Federal Public Defender and Marilyn M. Trubey, Branch Chief, Federal Public Defender's Office, Topeka, KS, for defendant-appellant.

Lee Thompson, U.S. Atty. and Thomas G. Luedke, Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

Before BRORBY and KELLY, Circuit Judges and BRIMMER, District Judge.†

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Allen appeals his conviction of possession with intent to distribute 180 grams of "crack" cocaine, in violation of 21 U.S.C. §§ 841, 841(b)(1)(A). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

### Background

On October 13, 1991, Mr. Allen was arrested in a parking lot in Junction City, Kansas. The arresting officers had received a tip that two black males from Detroit, Michigan were at a certain apartment in Junction City, in possession of a large quantity of cocaine, and possibly cash

---

* The parties have agreed to submission on the briefs and, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

† The Honorable Clarence A. Brimmer, Jr., United States District Judge for the District of Wyoming, sitting by designation.

from the sale of cocaine. The officers proceeded to the apartment, but then were advised that the suspects had adjourned to a specific parking lot.

The officers located the suspects and their vehicle, the only vehicle in the parking lot. Both officers recognized one of the men as Ramel Howard, who was wanted for aiding and abetting an attempted first degree murder. The other suspect was Mr. Allen. One officer immediately placed Mr. Howard under arrest. A pat down search of Mr. Howard revealed between forty and eighty "rocks" of crack cocaine packaged for sale.

Mr. Howard initially resisted being frisked, leading the other officer to place Mr. Allen in a pat-down position so that Mr. Allen would not pose a threat. Defendant identified himself as Brandon Allen. Although the officer did not recognize Mr. Allen, he was aware of a "Brandon" from Detroit who was involved in the drug trade in Junction City. As the officer began to pat down Mr. Allen, he noticed an unsmoked marijuana cigarette on the ground, approximately two inches from Defendant's foot. It appeared that Mr. Allen had been standing on the cigarette, and that the cigarette had not been there for long. During the pat down, the officer discovered a pack of rolling papers in Mr. Allen's pocket.

The officer then advised Mr. Allen of the informant's tip regarding cocaine. Mr. Allen replied that "he did not do cocaine, he just smoked pot." He was arrested for possession of marijuana and, following a confession, was subsequently charged with intent to distribute crack cocaine. He pleaded guilty, but reserved his right to appeal on two grounds: the denial of his motion to dismiss for violation of his right to a speedy trial, and his motion to suppress based on an illegal arrest.

*Discussion*

### I. Right to a Speedy Trial

■ Mr. Allen was arrested on October 13, 1991 and charged in state district court. On January 28, 1992, the state charges were dismissed and federal charges for the same conduct were initiated. He was incarcerated from October 13, 1991, until February 10, 1992 and pleaded guilty on May 22, 1992. Mr. Allen contends that the three-and-one-half-month delay between his arrest by the state and the filing of the federal charges constitutes a violation of his Sixth Amendment right to a speedy trial. We disagree.

■ Before engaging in a Sixth Amendment analysis, the government urges us to consider first whether Mr. Allen's federal right to a speedy trial was triggered by his *state* incarceration. The Sixth Amendment right to a speedy trial "attaches only when a formal criminal charge is instituted...." *United States v. MacDonald*, 456 U.S. 1, 6, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982). This means a *federal* charge, and we hold that a defendant's Sixth Amendment rights are not triggered by prior state arrest or indictment. *See United States v. Marler*, 756 F.2d 206, 212–13 (1st Cir.1985) (Sixth Amendment rights are not triggered by prior state indictment, based on notion of dual sovereignty); *United States v. Walker*, 710 F.2d 1062 (5th Cir.1983) *cert. denied*, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984). *See also United States v. Mills*, 964 F.2d 1186, 1189–90 (D.C.Cir.) (under the Speedy Trial Act, 18 U.S.C. § 3161(b), it is the "undisputed rule that a *state* arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense") *cert. denied*, —— U.S. ——, 113 S.Ct. 471, 121 L.Ed.2d 378 (1992).

### II. Motion to Suppress

■ Mr. Allen next contends that the arresting officer lacked probable cause to arrest him and therefore all related evidence should be suppressed. Reviewing a motion to suppress, we accept the trial court's findings of fact unless clearly erroneous, but the ultimate determination of Fourth Amendment reasonableness is a conclusion of law which we review de novo. *United States v. Butler*, 904 F.2d 1482, 1484 (10th Cir.1990). We determine reasonableness under an objective standard.

*Graham v. Connor,* 490 U.S. 386, 394–95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). The district court found that probable cause existed for the arrest, based on: (1) the marijuana cigarette at Defendant's feet; (2) the rolling papers in Defendant's pocket; and (3) Defendant's statement that he "just smokes pot."

Mr. Allen argues that there was no probable cause to arrest because the officers had no justification for a *Terry* stop or, alternatively, if such a stop were justified, a resulting pat down search should have been limited to weapons. We hold the search valid as incident to a lawful arrest.

■ The police officers had probable cause to arrest Mr. Allen apart from the discovery of marijuana and rolling papers. The discovery of cocaine on his companion confirmed the informant's tip and provided probable cause to arrest both men. The informant had correctly described the suspects and predicted their location and the crack cocaine that they would be carrying. The discovery of the cocaine on Mr. Howard verified the tip and provided probable cause to arrest Mr. Allen. *See United States v. Romero,* 692 F.2d 699, 703 (10th Cir.1982). Therefore the search was incident to a lawful arrest. *New York v. Belton,* 453 U.S. 454, 457, 101 S.Ct. 2860, 2862, 69 L.Ed.2d 768 (1981).

■ Defendant further argues that the pat down search may have preceded the discovery of the cocaine on Mr. Howard, and therefore no probable cause existed for a search beyond a *Terry* pat down for weapons. The evidence did not reflect the exact sequence of events, but it is clear that both searches occurred at approximately the same time. However, even assuming that the rolling papers were discovered prior to the cocaine, Mr. Allen could otherwise have been lawfully searched seconds later, once the cocaine provided probable cause to arrest. *See United States v. Rivera,* 867 F.2d 1261, 1264 (10th Cir.1989) (although search prior to arrest cannot serve as justification for arrest, a search "may be valid where the arrest 'followed quickly on the heels of the challenged search....'") (*citing Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980)). In *Romero,* drugs were improperly seized from Defendant's person during a *Terry* frisk. At about the same time a second officer discovered drugs in the vehicle, providing probable cause to arrest. We held that drugs from the defendant's pocket were admissible even if seized immediately prior to the independent establishment of probable cause to arrest. Evidence from the *Terry* search was admissible based on the inevitable discovery doctrine. *Romero,* 692 F.2d at 703. "[T]he evidence clearly would have been discovered within a short time through a lawful investigation already underway." *Id.* at 704. Therefore, the search was incident to a lawful arrest regardless of the exact sequence of events in this case.

AFFIRMED.