**UNITED STATES of America, Plaintiff,**

v.

**Saul HARO, Defendant.**

No. 95–CR–0066–S.

United States District Court,
D. Utah,
Central Division.

Nov. 3, 1995.

Richard D. McKelvie, U.S. Attorney's Office, Salt Lake City, UT, for Plaintiff.

Stephen R. McCaughey, Salt Lake City, UT, for Defendant.

## ORDER

SAM, District Judge.

The court has before it the "Supplementary Report and Recommendation" of the magistrate judge dated October 23, 1995 in which it is recommended that defendant's motion to suppress should be denied. Defendant has filed a one sentence objection to the report and recommendation. The court has considered the matter *de novo* and concludes that the report and recommendation of the magistrate judge is correct in every material respect and adopts it as the court's own opinion.

Accordingly, defendant's motion to suppress is DENIED.

## SUPPLEMENTARY REPORT & RECOMMENDATION

BOYCE, United States Magistrate Judge.

On September 26, 1995 the magistrate judge issued a report and recommendation on defendant's motion to suppress. That report and recommendation was to the effect that the defendant's motion to suppress should be granted because of an illegal search of his vehicle. The report specifically mentioned that the United States had not submitted a memorandum in response to the post hearing memorandum that was submitted by the defendant. However, the United States had in fact filed a memorandum on September 20, 1995. The memorandum was not delivered to the magistrate judge until after the report and recommendation was issued.

In the report and recommendation, which concluded the suppression should be granted, the magistrate judge also observed that the United States had not raised the "inevitable discovery" doctrine in support of the position

that the exclusion of the evidence should be denied. In the Government's memorandum (File Entry # 38) the inevitable discovery doctrine was in fact relied on by the Government to avoid suppression.

On September 28, 1995 a hearing was held to consider the United State's motion to reconsider. Defendant did not object to the Government's motion to reconsider (File Entry # 39). The court granted the motion to reconsider and gave the defendant to October 11, 1995 to file a responsive memorandum on the inevitable discovery position of the United States. The defendant submitted a memorandum on October 13, 1995.

The case has been referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). This supplemental report and recommendation is submitted on whether the doctrine of inevitable discovery should apply in this case and if so, if defendant's motion to suppress should be denied.

### *Discussion*

■ In the initial report and recommendation, the magistrate judge found that when the defendant was stopped in a vehicle, based on an outstanding felony warrant, he had no driver's license, could not show proof of ownership of the vehicle or produce a registration for the vehicle, and that the license plates on the vehicle did not belong to it. The license plate and registration violations are Class C misdemeanors under Utah law (File Entry # 37, n. 3). The Salt Lake City officers that made the stop determined to impound the vehicle pending identification of the vehicle owner. A City impound search was conducted to determine if valuables or other items were in the vehicle. The vehicle had been previously searched by the Drug Enforcement Administration (DEA) Officers at the scene of the stop. The magistrate judge determined the vehicle impound was proper (R/R p. 12). The vehicle was held for the DEA but also impounded for the City's interests. Officer Palauni testified that that was the usual procedure in such cases. The impound policy of the City (Pl.Exh. 1) allowed impound until the owner could take possession. The City impound policy allows an inventory of containers (Id.). The vehicle

could not be lawfully operated on the highways. Therefore, the impound of the vehicle was lawful.

However, the DEA search subsequent to the stop of the vehicle was unlawful. However, the Salt Lake City police officers made a post seizure inventory pursuant to the Salt Lake City impound policy based on the various defects as to the vehicle registration. An inventory form was filled out, but it was blank because there was nothing to preserve or protect. The drugs that had been in the vehicle had been found and removed by the DEA. The question that is to be addressed is whether, but for the illegal search of the DEA officers, the Salt Lake City police would have found the drugs as a part of their routine impound inventory.

In *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) the Supreme Court recognized that an exception to the exclusionary rule, suppressing evidence that is illegally obtained, if the prosecution can establish by a preponderance of the evidence that the information ultimately would have been discovered by lawful means. It must be shown that "the evidence would have been inevitably discovered without reference to the police error or misconduct." *Id.* at p. 448, 104 S.Ct. at p. 2511. See also *Illinois v. Lafayette,* 462 U.S. 640, 646, 103 S.Ct. 2605, 2609, 77 L.Ed.2d 65 (1983). It has been said the concept is a logical exception to the independent source rule allowing the use of illegally obtained evidence if it is discovered from an independent source. *Murray v. United States,* 487 U.S. 533, 539, 108 S.Ct. 2529, 2534, 101 L.Ed.2d 472 (1988); *United States v. Whitehorn,* 829 F.2d 1225 (2d Cir. 1987); *United States v. Singh,* 811 F.2d 758, 767 (2nd Cir.1987) (dissenting opinion). However, the inevitability of the discovery may not be highly speculative. *United States v. Owens,* 782 F.2d 146 (10th Cir.1986) (whether hotel employees would have discovered evidence in routine cleaning was speculative). In a pre-*Nix* decision the Tenth Circuit said if there was no doubt that the

evidence would have been discovered later through lawful means, the inevitable discovery rule is applicable. *United States v. Romero,* 692 F.2d 699, 704 (10th Cir.1982).

In *United States v. Allen,* 986 F.2d 1354 (10th Cir.1993) the court applied the inevitable discovery rule to sustain a search incident to arrest. "Evidence from the Terry search was admissible based on the inevitable discovery doctrine. *Romero,* 692 F.2d at 703. '[T]he evidence clearly would have been discovered within a short time through a lawful investigation already underway.'" [1] In *United States v. Griffin,* 48 F.3d 1147 (10th Cir.1995) the court applied the inevitable discovery doctrine to the discovery witnesses identified by a drug conspiracy defendant:

We further conclude the government demonstrated by a preponderance of the evidence that the testimony it sought to introduce against Defendant would have inevitably been discovered through independent legal means. Special Agent Hersley testified at the suppression hearing that prior to October 21, 1991 the OCPD had identified Defendant and her husband as drug distributors. Additionally, the OCPD was investigating the drug related activities of Vernon King, Ezzard Scruggs, Alfred Barber, and Brent Smiley. When combined with the detailed information the government independently acquired from Gonzales, the ongoing investigations by the government would have resulted in the inevitable discovery of the witnesses who testified against Defendant. Thus, we conclude the government established by a preponderance that the testimonial evidence it sought to introduce "ultimately or inevitably would have been discovered by lawful means." *Williams,* 467 U.S. at 444, 104 S.Ct. at 2509. We hold, therefore, that the district court was not clearly erroneous in finding that the government had shown by a preponderance of the evidence that the testimonial evidence it sought to introduce against Defendant fell within the indepen-

---

1. The Sixth Circuit has adopted a broader rule allowing the inevitable discovery rule to apply either when there is an independent, untainted investigation that would have discovered the evidence or other compelling facts establish the evidence would inevitably be discovered. *United States v. Kennedy,* 61 F.3d 494 (6th Cir.1995).

dent source or inevitable discovery exceptions to the exclusionary rule.

48 F.3d at 1151.

 The federal Courts of Appeal have applied this standard to situations where there has been a primary illegality, but then a lawful impoundment and a vehicle inventory. In such situations, the inevitable discovery doctrine will allow the introduction of evidence as if it had been lawfully obtained during an inventory search.[2]

In *United States v. Seals*, 987 F.2d 1102, 1107–08 (5th Cir.1993) the court held the inevitable discovery doctrine could apply to justify admission of drugs which would have been found during an inventory search based on the impound of a vehicle when the driver did not have a license.

In *United States v. George*, 971 F.2d 1113, 1121–22 (4th Cir.1992) a defective warrant was issued for the search of a vehicle. The court held the inevitable discovery doctrine could permit introduction of hacksaw blades in a toolbox which might have been opened during a routine inventory search. The case was remanded to determine the issue whether the circumstances would allow the application of the inevitable discovery doctrine.

In *United States v. Woody*, 55 F.3d 1257 (7th Cir.1995) the court held evidence discovered in the glove box of an arrestee's vehicle would have been inevitably discovered during an inventory of the vehicle after a lawful impound following the arrest. *Id.* at p. 1270. Therefore, the evidence was admissible. A similar result was reached in *United States v. Zapata*, 18 F.3d 971, 978–79 (1st Cir.1994) where the vehicle was impounded for lack of registration and insurance:

> In this case, all the relevant criteria are satisfied. The record establishes unequivocally that the car containing the contraband was unregistered and uninsured. Because the car could not lawfully be driven on a public highway, see supra note 2, the state police surely would have impounded it and, in accordance with standard practice, conducted a routine invento-

ry search. In the process, the two large bags of cocaine in the vehicle's trunk would certainly have come to light.

18 F.3d at 978.

The court cited several cases for it's conclusion *Id.*

In *United States v. Williams*, 936 F.2d 1243 (11th Cir.1991) the officer involved had evidence that the defendant's vehicle had an improper license plate on it, as was the situation in the instant case. An illegal search was conducted before the impound of the vehicle. The court held that since the officer could have impounded the vehicle the inevitable discovery rule applied as the officer would have found drugs during an inventory of the vehicle. *Id.* at p. 1248–49. Therefore, suppression was not required. Accord: *United States v. Khoury*, 901 F.2d 948 (11th Cir.1990).

The same issue was addressed by the Tenth Circuit in *United States v. Horn*, 970 F.2d 728, 732 (10th Cir.1992). There the defendant challenged a roadside search, such as in this case, and the court had previously found the search improper. The court said:

> The question whether or not the trooper conducted a proper inventory search is moot. "[I]f evidence seized unlawfully would have been inevitably discovered in a subsequent inventory search, such evidence would be admissible." *[U.S. v.] Ibarra*, 955 F.2d [1405] at 1410 [ (10th Cir.1992) ]. Defendant was traveling alone and was placed under arrest under a warrant for parole violation; his car, of necessity, had to be impounded. Even assuming arguendo that the post-arrest search beside the highway was improper and should have been conducted in a different manner, had the search been conducted in the manner defendant suggests is proper, it was inevitable that the weapons would have been discovered and that defendant would have been charged with their possession. Under *Ibarra*, this evidence is admissible.

970 F.2d at 732.

2. Although the Supreme Court has not passed directly on the issue in this case, the possibility of such a claim was recognized in *New York v.*

*Class*, 475 U.S. 106, 119, 106 S.Ct. 960, 968, 89 L.Ed.2d 81 (1986).

Also, relevant to the issue is *United States v. Ibarra,* 955 F.2d 1405, 1410 (10th Cir. 1992). The defendant was charged with possession of cocaine with intent to distribute. The police seized the defendant's vehicle. The seizure of the vehicle was in violation of Wyoming law and unlawful. A search of the vehicle produced cocaine bags. The United States argued that the cocaine was admissible under the inevitable discovery doctrine because the evidence would have been found during a routine inventory of the vehicle. The court held the inevitable discovery doctrine inapplicable because the initial seizure of the vehicle was illegal and the impound unlawful. In this case however, the impound was lawful. The vehicle was lawfully stopped, defendant lawfully arrested, and the vehicle could not be lawfully driven on Utah roads. The vehicle was impounded by Salt Lake City police and pursuant to a written policy of the Salt Lake City Police Department, the vehicle was inventoried. Therefore, the inevitable discovery doctrine is applicable in this case.

Other courts have upheld the inevitable discovery rule to uphold the admission of evidence that would have inevitably been obtained from a lawful routine inventory. *United States v. Mancera–Londono,* 912 F.2d 373, 375–76 (9th Cir.1990) (inventory search would have discovered contraband); *United States v. Andrade,* 784 F.2d 1431, 1433 (9th Cir.1986); *United States v. Gale,* 952 F.2d 1412, 1416 (D.C.Cir.1992) (contraband would inevitably be found during post impoundment inventory); *United States v. Arango,* 879 F.2d 1501, 1507 n. 2 (7th Cir. 1989). See also, *United States v. McConnell,* 903 F.2d 566 (8th Cir.1990); *United States v. Magee,* 816 F.Supp. 1511 (D.Kan.1993).

In this case, but for the illegal search of the defendant's vehicle trunk by the Drug Enforcement Officers, the Salt Lake City Police' routine impound would have uncovered the drugs in the box in defendant's vehicle trunk. Therefore, the inevitable discovery doctrine is applicable and the contraband drugs previously found by an illegal search should not be suppressed.

*Conclusion*

The defendant's motion to suppress should be denied.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.