**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSE L. BARELA,

    Defendant - Appellant.

No. 22-2060
(D.C. No. 1:20-CR-01228-KWR-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **EBEL**, and **EID**, Circuit Judges.
_____

This appeal contains one issue:  Whether the district court erred by denying Appellant Jesse Barela's motion to dismiss based on an alleged violation of his constitutional right to a speedy trial.  Upon analysis of the factors presented in _Barker v. Wingo_, 407 U.S. 514 (1972), we conclude that the district court did not err and affirm.

**I.**

On November 26, 2019, Jesse Barela robbed an Albertson's grocery store in Albuquerque, New Mexico.  On December 7, 2019, he was arrested on state charges

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for robbery. On September 10, 2020, while he was still awaiting trial in state court, a federal grand jury indicted Barela on charges of aiding and abetting interference with commerce by threats of violence, in violation of 18 U.S.C. § 1951. In light of these federal charges, the State of New Mexico dismissed its charges against Barela on September 24, 2020. On September 29, 2020, Barela made his first appearance in federal court. A federal magistrate judge ordered Barela detained pending trial.

The COVID-19 pandemic was ongoing at this time. As a result, the Chief U.S. District Judge for the District of New Mexico entered a series of administrative orders suspending jury trials from March 16, 2020 to February 28, 2021. *See* Administrative Orders, U.S. District Court, District of New Mexico, https://www.nmd.uscourts.gov/court-info/local-rules-and-orders/general-orders. The district court vacated and continued Barela's trial three times because of the orders.

On March 1, 2021, Barela's counsel requested a ninety-day continuance. The district court granted the continuance and moved Barela's trial date to July 12, 2021. Soon thereafter, Barela requested new counsel on grounds of inadequate representation. A magistrate judge permitted Barela to seek new counsel, but despite requesting permission to do so, he did not. Eventually, the government requested that the court appoint Barela new counsel, which the court did on June 17, 2021. At the request of Barela's new counsel, the court postponed the trial date to October 12, 2021. On July 14, 2021, Barela requested new counsel once again; the district court granted the request, keeping the same trial date that was previously set.

On September 30, 2021, Barela filed a motion to dismiss his indictment for a speedy trial violation, causing the district court to vacate the October trial sitting. The government filed a response to the motion to dismiss on October 14, 2021. On November 21, 2021, the district court denied Barela's motion to dismiss, finding that the reasons for the delay of his trial weighed against him and that his dilatory actions, like the repeated replacing of his counsel, were inconsistent with his alleged desire to assert his speedy trial rights.

Barela's trial was ultimately held from November 29 to December 1, 2021. The jury found Barela guilty. Barela timely appealed.

## II.

We review de novo the legal basis for the district court's decision to deny a motion to dismiss based on a violation of the Sixth Amendment right to a speedy trial. *United States v. Nixon*, 919 F.3d 1265, 1269 (10th Cir. 2019). However, the district court's factual findings are reviewed for clear error. *See id.*

The Sixth Amendment of the Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." If a defendant is denied this right, the case must be dismissed. *United States v. Seltzer*, 595 F.3d 1170, 1175 (10th Cir. 2010); *see also United States v. Medina*, 918 F.3d 774, 779 (10th Cir. 2019). "It is the prosecution's burden (and ultimately the court's) and not the defendant's responsibility to assure that cases are brought to trial in a timely manner." *Seltzer*, 595 F.3d at 1175.

We must first consider the threshold question of "whether the federal delay was long enough to create a presumption of prejudice." *Nixon*, 919 F.3d at 1269. "Prejudice is generally presumed when the delay approaches one year." *Id.* And "[a] presumption of prejudice is required to trigger further examination of a defendant's Sixth Amendment claim." *Id.* The parties in this case agree that the presumption of prejudice laid out in *Nixon* is met here because the length of the delay was at least thirteen months. *See* Aplt. Br. at 50; Aple. Br. at 6–7.

For circumstances in which there is a presumption of prejudice, the Supreme Court, in *Barker*, established a four-factor test to determine whether a delay in the proceedings violates a defendant's constitutional right to a speedy trial. Courts must consider: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant caused by the impermissible delay (including prevention of oppressive pretrial incarceration, minimization of anxiety and concern of the accused, and limiting the possibility that the defense will be impaired). *Barker*, 407 U.S. at 530–32. "[N]one of the four factors" alone is "necessary or sufficient" to find "a deprivation of the right of speedy trial." *Id.* at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* We thus consider each factor in turn.

**A. Length of delay**

We must consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Seltzer*, 595 F.3d at

4

1176. Per *Seltzer*, we consider the nature of the charges and the quantum of evidence against the defendant. *See id.* Barela was indicted on a single federal charge. The investigation of the alleged crime was mostly completed prior to his arrest. And Barela's trial, when it eventually occurred, only lasted for three days. These factors suggest that a lengthy delay was not necessary in this case.

And Barela was held in pretrial detention for nearly two years "for a case which he and his second CJA lawyer prepared in three months." Aplt. Br. at 32. It is true that we have held that "pretrial detainment alone . . . is insufficient proof of prejudice." *United States v. Garcia*, 59 F.4th 1059, 1071 (10th Cir. 2023). But in this case, even the government calculates that aside from time spent exclusively in pre-trial confinement, Barela experienced a thirteen-month delay. The government concedes this "weighs slightly in Barela's favor" on this factor. Aple. Br. at 7. We agree and find that this factor is straightforward in this case and weighs in Barela's favor.

### B. Reasons for delay

The government has the burden to establish this factor. "The reason for the delay weighs against the government in proportion to the degree to which the government caused the delay." *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006). And *Barker* informs that different reasons given for the delay should be assigned different weights. 407 U.S. at 531. For example, "[n]egligence and crowded court dockets . . . weigh against the government, but less heavily than delays deliberately sought to gain improper advantage." *Batie*, 433 F.3d at 1291. In

5

contrast, continuances and other motions filed by the defendant do not weigh against the government." *Id.*

Barela argues that the reasons for the delay "are almost solely attributable to the prosecution and the Courts." Aplt. Br. at 33. He points out that the government first pursued federal charges against him only many months after the offense occurred and before the state charges against him had been dropped; that the COVID-19 delay was attributable to the government; and that his retained counsel requested what he perceived to be an overly long "continuance of the trial without an adequate statement of the reasons for such a prolonged continuance." *Id.*

The government divides the delay Barela experienced into three parts. First, it addresses the time Barela spent in state custody before federal charges were filed (December 2019 – September 2020). Barela argues that previous incarceration by another sovereign, here New Mexico, is relevant to the speedy trial analysis. *See Medina*, 918 F.3d at 781. He contends that he was prejudiced due to the passage of time, as his case was initiated in state court and then dismissed in favor of federal prosecution. But this time is irrelevant to our analysis because we have previously held that "a defendant's Sixth Amendment [speedy trial] rights are not triggered by prior state arrest or indictment." *United States v. Allen*, 986 F.2d 1354, 1356 (10th Cir. 1993). And furthermore, the delay between the dismissal of Barela's state charges and his federal arrest was exceptionally minor. The federal grand jury indicted Barela on September 10, 2020 and set his initial appearance for September

6

29, 2020. New Mexico dismissed its state charges on September 24, 2020, prior to Barela's first federal appearance.

As for Barela's argument regarding the unwarranted delay in the initiation of federal proceedings, the government explains that it only learned about Barela's case in July 2020. Barela did not argue before the district court that the government knew or should have known of his case prior to July 2020. "We ordinarily deem arguments that litigants fail to present before the district court but then subsequently urge on appeal to be forfeited." *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259 (10th Cir. 2018). And we then review such forfeited arguments for plain error. *See id.* Here, Barela would need to show that "(1) the district court erred, (2) the error was plain, (3) the error prejudiced his substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thornton*, 846 F.3d 1110, 1114 (10th Cir. 2017). But Barela does not argue for plain error review in his briefing, nor does he cite any record evidence to prove his point or demonstrate an effect on his substantial rights. When a litigant "fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). Thus, Barela's claim that the government knew or should have known of this case prior to July 2020 is waived.

The government next addresses the delay Barela experienced due to the COVID-19 orders suspending jury trials (September 2020 – February 2021). The

7

government correctly asserts it was not responsible for the pandemic-caused delay. We have previously held that COVID-19 delays "cannot fairly be attributed to the government." *United States v. Keith*, 61 F.4th 839, 853 (10th Cir. 2023). As such, Barela cannot attribute COVID-19 delays to the government.

Finally, the government addresses Barela's motions for continuances for defense counsel preparation, his failure to cooperate with counsel, and his efforts to change counsel (March 2021 – November 2021). We agree with the government that these delays were caused by Barela and are therefore attributable to him. Having dispatched each of Barela's contentions about reasons for delay allegedly caused by the government, we find that the reasons-for-delay factor favors the government.

### C. Assertion of right

We weigh the defendant's assertion of his constitutional right to a speedy trial based on the frequency and force of the defendant's objections to the delay. *United States v. Margheim*, 770 F.3d 1312, 1326 (10th Cir. 2014). "[T]he sooner a criminal defendant raises the speedy trial issue, the more weight this factor lends to his claim." *Nixon*, F.3d at 1272. "[I]f the defendant fails to demand a speedy trial, moves for many continuances, or otherwise indicates that he is not pursuing a swift resolution of his case, this factor weighs heavily against the defendant." *United States v. Gould*, 672 F.3d 930, 938 (10th Cir. 2012).

Barela alleges that he "persistent[ly] and vociferous[ly] insiste[d] on his right to a speedy trial." Aplt. Br. at 33. Even if we accept this claim as true, we must also consider Barela's other simultaneous conduct. His other conduct was inconsistent

8

with his demand for a speedy trial.  Barela cut ties with two different attorneys and did not retain new counsel in a timely manner either time.  The district court found "that [Barela]'s explicit assertions of his right to a speedy trial cannot entirely nullify the significance of delays that [he] both requested and caused" through his actions.  R. Vol. I at 383.  Barela's "unwillingness to engage with multiple counsel . . . caused new counsel to be appointed, and further necessitated additional time for counsel's familiarization with [his] case, the relevant facts, discovery, witnesses, and evidence to mount an adequate defense."  *Id.*  "We are unimpressed by a defendant who moves for dismissal on speedy trial grounds when his other conduct indicates a contrary desire."  *United States v. Tranakos*, 911 F.2d 1422, 1429 (10th Cir. 1990).  We agree with the district court's finding that this factor weighs in favor of the government.

### D. Prejudice

Relevant forms of prejudice here include oppressive pretrial incarceration, anxiety and concern of the accused, and impairment of the defense (the most serious form of prejudice).  *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009).  A defendant must point to "special harm which distinguishes his case from that of any other arrestee awaiting trial."  *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994).

Barela contends that he was prejudiced because (1) an alibi witness who testified at the state detention hearing soon after his arrest was lost when Barela was preparing for trial, (2) witnesses had trouble remembering discrepancies between Barela and the man depicted in the surveillance video that they initially recalled two

9

years earlier, and (3) Barela lost his job and several close family members while in jail.  Of these, we find that the only unique hardship Barela raises is the first, his loss of a witness.  But Barela fails to allege any specific negative effects this witness's absence may have had on his case, so it is unclear what *prejudice* he really suffered.

We find that this does not satisfy the *Barker* prejudice factor because Barela has not explained why that specific witness's testimony would have been helpful to his defense.  "In arguing that the unavailability of a witness impaired the defense, a defendant must 'state with particularity what exculpatory testimony would have been offered.'" *Jackson v. Ray*, 390 F.3d 1254, 1265 (10th Cir. 2004) (internal quotations, citations, and alterations omitted) (quoting *Tranakos*, 911 F.2d at 1429).  Barela does not do this and his claim of prejudice therefore fails.

And moreover, the record suggests that this specific witness may not even have been lost.  In his motion to dismiss, Barela states that it "appears that he may not have lost his alibi witnesses as he previously feared."  R. Vol. I at 201.  Thus, Barela not only fails to explain the specific negative effects of his only articulable unique hardship, but also, by his own admission, may not have even suffered that unique hardship at all.  We conclude that this factor clearly weighs in favor of the government.

\* \* \*

Ultimately, we find that the final three factors of the *Barker* test weigh strongly in favor of the government.  Therefore, on the whole, we find that the *Barker* factors weigh in the government's favor, against Barela.

**III.**

For the foregoing reasons, we AFFIRM.

Entered for the Court

Allison H. Eid
Circuit Judge